

FILED
OCT 15 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TODD V. SWANSON<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY CO.<br><br>Defendant. | CIV. 07- 4152<br><br>**COMPLAINT** |

The Plaintiff, Todd V. Swanson, for his complaint and cause of action against the Defendant, State Farm Fire and Casualty Co., states and alleges as follows:

## JURISDICTIONAL STATEMENT

1. The Plaintiff, Todd V. Swanson, **"Swanson,"** is a resident of Nevada.

2. The Defendant, State Farm Fire and Casualty Co., **"State Farm,"** is an insurance company with a principal place of business located in Bloomington, Illinois, but registered to do business in the State of South Dakota, in which state it sells policies of insurance, collects premiums, adjusts and pays claims, and defends its insureds.

3. Federal Jurisdiction is based upon 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and this dispute is between citizens of different states.

4. Venue is proper within this Judicial District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in South Dakota, and the Defendant resides in this District because it conducts business activity and has sufficient contacts within this District to subject it to personal jurisdiction.

## FACTUAL BACKGROUND

5. State Farm issued to Swanson its Homeowners Policy of Insurance, policy # 28-BO-1340-3.

6. State Farm issued to Swanson its Homeowners Policy of Insurance, policy # 28-BS-6548-4. Swanson's Homeowners Policies of Insurance will hereinafter collectively be referred to as **"Homeowners Policies."**

7. One or both of the Homeowners Policies were in effect during relevant times for purposes of this lawsuit.

8. State Farm issued to Swanson its Personal Liability Umbrella Policy of Insurance, policy # 28-BM-8270-9, herein the **"Umbrella Policy,"** which policy was in effect during relevant times for purposes of this lawsuit.

9. Swanson agreed to pay and did pay premiums in consideration for the Homeowners Policies and Umbrella Policy, which were thereafter renewed on an annual basis and kept current, fully paid, and in effect.

10. In or around the fall of 1998, Swanson encountered Donna Jones, **"Donna,"** who, at that time, was married to Richard M. Jones, **"Jones."**

11. Swanson and Donna began a relationship, and, during the course of their relationship, Donna expressed to Swanson the fact that she was dissatisfied with her marriage to Jones and was not in love with Jones.

12. Swanson and Donna's relationship became sexual in nature.

13. Swanson entered the sexual relationship with Donna without expecting or intending to cause harm to Jones and without expecting or intending to be a cause of the dissolution of Jones and Donna's marriage.

14. On or around May 8, 2000, while Swanson's Homeowners Polices and Umbrella Policy were in force, Jones commenced a lawsuit against Swanson by serving a Summons and Complaint upon Swanson which alleged a cause of action for "Count I - Alienation of Affections", herein the **"Lawsuit."**

15. Under South Dakota law, "alienation of affections" is a statutorily-derived tort in SDCL § 20-9-7.

16. Under South Dakota law, a claim for "alienation of affections" does not require proof of intent to injure or intent to cause the dissolution of a marriage.

17. Swanson tendered the defense of the Lawsuit to State Farm, and provided State Farm with a copy of the Summons and Complaint.

18. In response, on or about June 13, 2000, State Farm agreed to pay for Swanson's defense of the Lawsuit, but reserved its right to deny payment of Swanson's defense and indemnity.

19. State Farm provided Swanson with a defense counsel from May 2000 through October 16, 2001.

20. On or about October 16, 2001, State Farm informed Swanson that it was disclaiming its coverage and defense of Swanson in the Lawsuit, and cited as a reason for its disclaimer that "Claims for Alienation of Affection are based on 'intentional tort,' not negligence."

21. On or about November 19, 2001, Jones commenced another lawsuit that named Swanson and other parties as defendants and alleged the defendants negligently allowed Swanson to alienate the affections of Donna, **"Second Suit."**

22. Swanson properly tendered the defense of the Second Suit to State Farm, and provided State Farm with a copy of the Summons and Complaint.

23. In or round November 28, 2001, State Farm State Farm informed Swanson that it was disclaiming coverage and defense of Swanson in the Second Suit. As a reason for disclaiming its coverage, State Farm state that the Second Suit was clearly derivative of the Lawsuit and because "South Dakota considers [alienation of affections] to be an intentional tort and not a negligence tort" it would not provide coverage.

24. As a result of State Farm's disclaimer of the Lawsuit, Swanson was forced to incur attorneys' fees in order to defend himself in the Lawsuit, which was set for trial in March 2002 at the time State Farm pulled coverage.

25. As a result of State Farm's disclaimer of the Second Suit, Swanson was forced to incur attorneys' fees in order to defend himself in the Second Suit, which ultimately resulted in obtaining a dismissal of Swanson without prejudice.

26. The Lawsuit was tried before a jury, and a verdict was entered in favor of Jones.

27. During the trial of the Lawsuit, Donna was a key witness in favor of Jones due to her testimony that she was in love with and had affection for Jones prior to her affair with Swanson.

28. Swanson appealed the Lawsuit's jury verdict, and was forced to incur additional attorneys' fees in pursuing the appeal.

29. Upon appeal, the United States Court of Appeals for the Eighth Circuit slashed the damages awarded to Jones by over half, and a Judgment (Remittitur on the Verdict) was entered on November 21, 2003.

30. After the appeal, Swanson incurred additional attorneys' fees defending Jones's pursuit of prejudgment interest and attorneys' fees.

31. Beginning in or around October of 2004, Donna and Swanson had conversations wherein Donna admitted that her testimony during the jury trial of the Lawsuit was not truthful and confirmed that Swanson did not alienate her affections from Jones.

32. Donna's recantation of her testimony substantiated the fact that Swanson did not and could not have intended or expected to cause injury to Jones or the dissolution of Jones and Donna's marriage.

33. Based upon the information Swanson obtained during his conversations with Donna, Swanson brought a motion in the Federal District Court for the Southern District of South Dakota to vacate the judgment entered in the Lawsuit pursuant to Federal Rule of Civil Procedure 60(b), **"60(b) Motion."**

34. Swanson was forced to incur additional attorneys' fees in bringing the 60(b) Motion, and continues to incur attorneys' fees in pursuing the 60(b) Motion.

35. At approximately this time, Swanson discovered that Jones had assigned his Judgment to his trial counsel. Swanson filed a Motion with this Court addressing the real party in interest and Swanson incurred legal fees litigating this issue.

36. On or about May 26, 2005, Richard Jones wrote to this Court and informed the Court that he now believed his wife lacked any affections for him at the relevant time and that he wanted the Judgment vacated.

37. Shortly before writing this letter to this Court, Richard Jones filed for Chapter 7 bankruptcy on or about May 5, 2005.

38. Swanson has incurred legal fees associated with the issues raised by Jones' bankruptcy filing, including real party in interest.

## COUNT 1 – BREACH OF CONTRACT
## (HOMEOWNERS POLICIES)

39. Swanson realleges paragraphs 1 through 38 and incorporates them as if fully set forth herein.

40. Pursuant to the section titled, "Coverage L – Personal Liability" of the Homeowners Policies, State Farm agreed to the following:

> If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, cause by an **occurrence**, we will:
>
> 1. pay up to our limit of liability for the damages for which the insured is legally liable; and
>
> 2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the **occurrence**, equals our limit of liability.

41. Under the Homeowners Policies, "**occurrence**" was defined as "an accident ... which results in: a. bodily injury; or b. property damage; during the policy period. ..."

42. Pursuant to "SECTION II – EXCLUSIONS" of the Homeowners Policies,

   1. Coverage L and Coverage M do not apply to:

      a. **bodily injury** or **property damage:**

         (1) which is either expected or intended by the **insured**; or

         (2) which is the result of the willful and malicious acts of the **inured**;

43. Pursuant to the terms of the Homeowners Policies and applicable law, the claims alleged in the Lawsuit and the Second Suit fall within the Homeowners Policies' coverage.

44. Pursuant to the terms of the Homeowners Policies and applicable case law, neither of the exclusions applies to the Lawsuit or Second Suit because a claim for alienation of affections does not require a showing of intent to intent to injure or willful and malicious acts.

45. Donna's recantation, and Jones' letter to this Court, further substantiate the fact that Swanson did not and could not have intended or expected to cause injury to Jones or to cause the dissolution of Jones and Donna's marriage; thus, requiring State Farm to defend and indemnify Swanson in bringing the 60(b) Motion and other post-Judgment motions.

46. Swanson performed all of the conditions he was required to perform under the Homeowners Policies, but State Farm has failed and refused to perform its obligations to defend and indemnify Swanson under the Homeowners Policies.

47. As a direct result of State Farm's breach of its obligations under the Homeowners Policies, Swanson has incurred substantial damages, including, without limitation, attorneys' fees substantially in excess $75,000 to defend and appeal the Lawsuit, to defend the Second Suit, to defend post-judgment motions, and Swanson continues to incur further damages in pursuing the 60(b) Motion.

48. State Farm's refusal to defend and indemnify Swanson was and is vexatious and/or without reasonable cause; thereby, entitling Swanson to a reasonable amount of attorneys fees in bringing this lawsuit pursuant to SDCL 58-12-3.

**WHEREFORE,** Swanson prays for judgment at the conclusion hereof.

## COUNT 2 – BREACH OF CONTRACT (UMBRELLA POLICY)

49. Swanson realleges paragraphs 1 through 48 and incorporates them as if fully set forth herein.

50. The Umbrella Policy provided that State Farm would insure Swanson for personal liability for injury to others to the extent of $2,000,000 per occurrence.

51. Pursuant to the section titled, "Coverage L – Personal Liability" of the Umbrella Policy, State Farm agreed to the following:

> If you are legally obligated to pay damages for a **loss**, we will pay your **net loss** minus the **retained limit**. Our payment will not exceed the amount shown on the **Declarations** as Policy Limits – Coverage L – Personal Liability.

52. Pursuant to the terms of the Umbrella Policy, loss was defined as:

   a. an accident, including injurious exposure to conditions, which results in **bodily injury** or **property damage** during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **loss**; or

   b. the commission of an offense, or series of similar or related offenses, which result in **personal injury** during the policy period.

53. The retained limit on Swanson's Umbrella Policy was "none," rendering State Farm responsible for indemnifying Swanson for his entire defense costs.

54. Pursuant to the section titled, "Defense and Settlement" of the Umbrella Policy, State Farm agreed to the following:

> ...
>
>   b. When the claim or suit is covered by this policy, but not covered by any other policy available to you:
>
>   1) we will defend the suit against you.

8

...

  3) we will pay the expenses we incur and costs taxed against you in suits we defend.

55. Because State Farm took the position that the Lawsuit was not covered by either of Swanson's Homeowners Policies, the Lawsuit was "not covered by any other policy available to" Swanson, thereby satisfying the condition precedent to State Farm providing a defense under the Umbrella Policy.

56. Pursuant to the terms of the Umbrella Policy and applicable law, the claims alleged in the Lawsuit and the Second Suit fall within the Umbrella Policy's coverage.

57. Pursuant to "SECTION II – EXCLUSIONS" of the Umbrella Policy,

  1. Coverage L and Coverage M do not apply to:

   a. **bodily injury** or **property damage:**

    (1) which is either expected or intended by the **insured**; or

    (2) which is the result of the willful and malicious acts of the **inured**;

58. Pursuant to the terms of the Umbrella Policy and applicable law, neither of the exclusions applies to the Lawsuit or Second Suit because under South Dakota law a claim for alienation of affections does not require a showing of intent to intent to injure or willful and malicious acts.

59. Swanson performed all of the conditions he was required to perform under the Umbrella Policy, but State Farm has failed and refused to perform its obligations to defend and indemnify Swanson under the Umbrella Policy.

60. Donna's recantation of her trial testimony, and Jones' letter to this Court, further substantiate the fact that Swanson did not and could not have intended or expected

to cause injury to Jones or to cause the dissolution of Jones and Donna's marriage; thus, requiring State Farm to defend and indemnify Swanson in bringing the 60(b) Motion.

61. As a direct result of State Farm's breach of its obligations under the Umbrella Policy, Swanson has incurred substantial damages, including, without limitation, attorneys' fees substantially in excess of $75,0000 to defend and appeal the Lawsuit, to defend the Second Suit, and post-judgment motions, and Swanson continues to incur further damages in pursuing the 60(b) Motion.

62. State Farm's refusal to defend Swanson was and is vexatious and/or without reasonable cause; thereby, entitling Swanson to a reasonable amount of attorneys fees in bringing this lawsuit under SDCL 58-12-3.

**WHEREFORE,** Swanson prays for judgment at the conclusion hereof.

## COUNT 3 – DECLARATORY JUDGMENT

63. Swanson realleges paragraphs 1 through 62 and incorporates them as if fully set forth herein.

64. Given State Farm's continuing failure and refusal to defend or indemnify Swanson as described above, as required under the terms of Swanson's policies with State Farm, an actual controversy exists between the parties.

65. Swanson is entitled to a declaration from this Court that State Farm was obligated or is obligated to defend and indemnify Swanson in the Lawsuit and the appeal of the Lawsuit and to defend the Second Suit, and that State Farms continues to be obligated to defend and indemnify Swanson in his efforts to pursue the 60(b) Motion.

**WHEREFORE,** Swanson prays for Judgment as follows:

10

1. For a money judgment against State Farm in an amount to be proven at trial in excess of $75,000.00;

2. For this Court's declaration State Farm was obligated to defend and indemnify Swanson in the Lawsuit and Second Suit and continues to be obligated to defend and indemnify Swanson in his efforts to pursue the 60(b) Motion;

3. For Swanson's attorneys' fees incurred herein;

4. For prejudgment interest at the statutory rate through the date of judgment;

5. For such other, further, or different relief as seems just and equitable under the circumstances.

Dated at Sioux Falls, South Dakota this 15 day of October, 2007.

BANGS MCCULLEN, BUTLER, FOYE & SIMMONS, L.L.P.

BY _____
John P. Mullen
Suite 610, 100 North Phillips Avenue
PO Box 949
Sioux Falls, SD 57101-0949
605/339-6800
605/339-6801 (fax)
jmullen@bangsmccullen.com
Attorneys for Plaintiff.

PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

BANGS MCCULLEN, BUTLER, FOYE & SIMMONS, L.L.P.

BY _____
John P. Mullen
Suite 610, 100 North Phillips Avenue
PO Box 949
Sioux Falls, SD 57101-0949
605/339-6800
jmullen@bangsmccullen.com
Attorneys for Plaintiff

11